Stanley R. SILER, Plaintiff–Appellant,

v.

Dennis VAVROSKY, Defendant–Appellee,

and

Stephen L. Phiefer, David B. Howorth, Bruce A. Bottoni, Sylvia E. Stevens, Andrea L. Bushnessl, Cooney & Crew, Clarl, Lindauer, Dunn, Carney, Allen & Higgins, Newcomb, Rankin, Lane, Powell & Spears, Barry L. Groce, David C. Landis, Gerald H. Itkin, Robert L. Winkler, Nancy Ayres, John F. Neupert, Daniel McNeil, Tara J. Schleicher, Kristin Olson, Nancy S. Tauman, David J. Ross, Randall C. Jordan, Hardy Myers, Jr., Hunter B. Emerick, Sylvia Sum, Steven M. Lipold, Gilbert E. Parker, Jr., and Michael T. Garone, Defendants–Appellees.

No. 02–1389.

United States Court of Appeals, Federal Circuit.

July 31, 2002.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

### ORDER

LOURIE, Circuit Judge.

Stanley R. Siler responds to this court's order which stated that, absent objection, this appeal would be transferred to the United States Court of Appeals for the Ninth Circuit.

Siler appeals from an order of the United States District Court for the District of

Oregon that directed refund of Siler's filing fee "as this case should not have been opened by the Clerk." It appears that the underlying matter involved assertions of copyright to trademark infringement but does not arise under the patent laws or under the Little Tucker Act, 28 U.S.C. § 1346.

As we previously noted, this court is a court of limited jurisdiction. *See* 28 U.S.C. § 1295. Siler argues that the United States should have been a defendant, that the case would then arise under the Tucker Act, and this court would have jurisdiction. We deem this, and Siler's other arguments concerning jurisdiction, to be without merit.

Accordingly,

IT IS ORDERED THAT:

This appeal is transferred to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631.